UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HARP,

    *Plaintiff*,

v.

    CASE NO. 5:19-cv-13789

VICTORIA HALLETT,
LASHLEY,
DRUM,
LADD, and
TRANSPORTATION OFFICERS,

    DISTRICT JUDGE JUDITH E. LEVY
    MAGISTRATE JUDGE PATRICIA T. MORRIS

    *Defendants*.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 33)**

I. **RECOMMENDATION**

For the following reasons, **I RECOMMEND** that this Court **GRANT** Defendant Hallett's motion for summary judgment (ECF No. 33) and dismiss the case against her with prejudice.

II. **REPORT**

    A.    **Introduction**

All inmates who bring a federal action against prison officials, challenging the conditions of their confinement, must first exhaust all internal remedies their prison provides—but only those which are available to the prisoner. During this process, prisoners must comply with all procedural requirements, including a prison's deadlines.

1

Here, although the Michigan Department of Corrections ("MDOC") required Plaintiff, a Michigan prisoner, to appeal a formal complaint that had been previously denied, the MDOC did not provide Plaintiff with the materials necessary for him to file his appeal until four days after Plaintiff's appeal was due. However, Plaintiff failed to request an extension which could have allowed him to file his appeal in time. Accordingly, I suggest that because Plaintiff has not properly exhausted his administrative remedies, summary judgment should be entered in favor of Victoria Hallett.

Defendant Hallett filed the instant motion for summary judgment (ECF No. 33), Plaintiff responded (ECF No. 40), and Defendant Hallett replied. (ECF No. 41.) The arguments in all of the documents have been considered and the motion is ready for resolution.

**B.      Background**

Plaintiff is an inmate with prostate cancer in the custody of the MDOC. (ECF No. 1, PageID.8; ECF No. 33-1, PageID.144.) Until May 2019, Plaintiff took morphine to alleviate his symptoms, when his physician, Defendant Doctor Victoria Hallett, suddenly ended his prescription, believing that Plaintiff had been hoarding his medication rather than taking it as prescribed. (ECF No. 33-1, PageID.154.) Soon after, Plaintiff began to experience withdrawals, and after his healthcare providers declined to reinstate his morphine prescription, Plaintiff wrote a formal grievance against Doctor Hallett. (*Id.*; ECF No. 1, PageID.6, 8.)

The MDOC provides a three-step process for prisoners to formally exhaust their complaints. (ECF No. 33-2.) Prisoners are required to appeal their grievances through all three steps before filing suit in a district court, and each grievance must be filed by the applicable deadline unless the prisoner can provide a "valid reason" for the delay. (*Id.* at PageID.160–61.)

At step one, a prisoner must "attempt to resolve the issue with the appropriate staff member within two business days" of "becoming aware of a grievable issue" before filing a Step I grievance. (*Id.* at PageID.163–64.) If unsuccessful, the prisoner must then file a step one grievance within five business days. (*Id.*) If the inmate is dissatisfied with the disposition of the grievance or does not receive a response ten days after the due date, he or she may file a Step II grievance using the appropriate form. (*Id.* at PageID.165.) Similarly, if the inmate is dissatisfied with the Step II response or does not receive a response for ten days after the response was due, he or she has ten days to file a Step III grievance. (*Id.* at PageID.166.)

At steps two and three, a prisoner must request an appeal form from an MDOC grievance coordinator, complete the form, and forward it to the correct grievance coordinator. (*Id.* at 163, 165–66.) Both forms are considered filed when they are received by the grievance coordinator, not when they are sent by the prisoner. (*Id.* at PageID.163.) If a prisoner believes that he or she may not be able to submit his or her appeal on time, then the prisoner may request that the grievance coordinator extend the deadline by up to fifteen business days. (*Id.*) The grievance coordinator has discretion to extend a prisoner's deadline. (*Id.*)

3

Following this process, Plaintiff attempted to request pain medication from his health care provider. (ECF No. 33-1, PageID.154.) After his requests were denied, Plaintiff filed a timely step one grievance which was denied on the merits. (*Id.*) The MDOC's response to Plaintiff's step one grievance was returned to him on June 13, 2019. (*Id.*) However, Plaintiff was placed in administrative segregation[1] at the time and did not receive the response until the evening of June 17. (ECF No. 33-1, PageID.152; ECF No. 40, PageID.312.) On June 19, Plaintiff requested a step two appeal form, and on June 25, Plaintiff sent a second request for an appeal form. (ECF No. 40, PageID.312–13.)

Plaintiff did not receive an appeal form until July 5. (ECF No. 33-1, PageID.152.) Although Plaintiff's step two grievance was due on July 1, he never requested an extension. (*See id.* at PageID.152–53; ECF No. 40, PageID.312.) Instead, Plaintiff filed his step two grievance on the same day that he received his form. (ECF No. 33-1, PageID.152.) In his step two grievance, Plaintiff explained that he did not receive the form until July 5.[2] (ECF No. 33-1, PageID.152.)

Nonetheless, the step two grievance coordinator denied Plaintiff's appeal as untimely. (*Id.* at PageID.152–53.) Plaintiff then timely filed a step three grievance which was denied because Plaintiff had failed to file his step two grievance by the deadline. (*Id.*

---

[1] Administrative segregation refers to "[t]he placement of a prisoner in less amenable and more restrictive quarters than those of the general prison population for nonpunitive reasons . . . ." 72 C.J.S. *Prisons* § 22 (2021).

[2] Hallett argues that Plaintiff was not placed in administrative segregation until June 19, and that he was released on June 22, insinuating that Plaintiff received the grievance on June 13, the date it was returned. (ECF No. 41, PageID.317.) Ostensibly, had Plaintiff requested his step two grievance form on June 13, he may have received it time to submit his step two grievance. However, for purposes of her motion for summary judgment, the facts are construed in the light most favorable to Plaintiff, the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

at PageID.151–52.) Plaintiff later filed a complaint in this Court, alleging that Hallett violated his Eighth Amendment right to be free from cruel and unusual punishment by suddenly ending his morphine prescription. (ECF No. 1, PageID.6.) Hallett later moved for summary judgment, arguing that Plaintiff failed to properly exhaust his administrative remedies before filing his complaint. (ECF No. 33, PageID.119.)

### C. Summary Judgment Standard

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co*, 475 U.S. at 587. The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore*

*v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not . . . 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp.2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479–80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of

6

law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251–52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### D. Analysis

Under the Prisoner Litigation Reform Act ("PLRA"), inmates may not bring a § 1983 action against prison officials, challenging the conditions of their confinement, without first exhausting their available administrative remedies. 42 U.S.C. § 1997e(a) (2012); *Porter v. Nussle*, 534 U.S. 516, 523 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Further, prisoners must "properly" exhaust their administrative remedies, meaning that they must "compl[y] with an agency's deadlines and other critical procedural rules . . . ." *Woodford v. Ngo*, 548 U.S. 81, 90, 92 (2006). Failure to exhaust administrative remedies in an affirmative defense that must be raised by the defendant. *Jones v. Bock*, 549 U.S. 199 (2007).

The PLRA contains one important caveat to its exhaustion requirement—prisoners need only exhaust remedies that are "available." *Ross v. Blake*, 578 U.S. 632, 642 (2016). Thus, a prisoner need only exhaust remedies that are "'capable of use' to obtain 'some relief for the action complained of.'" *Id.* (quoting *Booth v. Churner*, 532 U.S. 731, 732–38 (2001)).

Although Plaintiff filed his step two grievance late, he argues that prison officials rendered his step two grievance unavailable because they did not supply him with the necessary form until after the deadline. (ECF No. 40, PageID.309–10.) However, the

7

MDOC's policies allowed Plaintiff to request up to a fifteen-day extension of his step two grievance deadline, and if this deadline were granted, Plaintiff could have filed his step two grievance on time. (*See* ECF No. 33-2, PageID.163; ECF No. 33-1, PageID.152.) Plaintiff did not request this extension. Thus, the issue before this Court is whether the MDOC's failure to provide Plaintiff with the necessary forms before the deadline rendered his step two grievance unavailable even though Plaintiff could have requested an extension that may have allowed him to file his grievance on time.

An administrative remedy is unavailable where "prison administrators thwart inmates from taking advantage of a grievance procedure through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 644. Where prison officials "devise procedural" roadblocks that prohibit a prisoner from properly exhausting his grievance, that administrative remedy is no longer available, and it need not be exhausted. *Id.* This includes situations where prison officials withhold materials that a prisoner needs to properly exhaust his or her claims. *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Tilman v. City of St. Louis, Mo.*, No. 4:21cv299, 2021 WL 981859, at *3–4 (E.D. Mo. Mar. 16, 2021); *Hunt v. Carver*, No. 1:19-00356, 2020 WL 9348170, at *8 (S.D. W. Va. Nov. 25, 2020).

But even where prison officials withhold materials necessary for a prisoner to file a grievance until after the grievance's deadline, the prisoner's administrative remedies are still available if the prisoner could have requested an extension that would have allowed him or her to file the grievance on time. *See Wallace v. Miller*, 544 F. App'x 40, 42 (3d Cir. 2013); *Dury v. Seroski*, No. 1:20-cv-01058, 2021 WL 3486383, at *2 (D. Colo. Aug.

9, 2021); *Jordan v. Bertolini*, No. 1:15-cv-313, 2018 WL 3737917, at *4–5 (W.D. Pa. Aug. 7, 2018) ("[I]n failing to request an extension, Plaintiff has failed to exhaust his administrative remedies.").

For example, in *Feuer v. McCollum*, the Tenth Circuit held that although a federal prisoner had not received all of the necessary materials to file a timely grievance, he still had not exhausted his administrative remedies because he neglected to request an extension. 139 F. App'x 928, 931 (10th Cir. 2005). In *Feuer*, the prisoner filed a formal grievance with his warden, which was later denied. *Id.* at 929–30. Under the applicable regulations, if the prisoner's grievance was denied by the warden, he was required to appeal his grievance to the regional director, with a copy of the warden's response attached to his appeal. *See id.* However, because the prisoner had been transferred to a different prison while his formal grievance was pending, he did not receive the warden's response until well after his appeal was due. *Id.* at 930–31. Regardless, the Tenth Circuit reasoned that the prisoner's administrative remedies were still available because "he may have been entitled to an extension" and therefore had not been prevented from filing his appeal in time. *Id.* at 931.

Similarly, here, Plaintiff could have submitted his step two grievance on time if he had requested an extension. Plaintiff alleges that he received his step one response on June 17, making the deadline for his step one grievance July 1—ten business days after he received his step one response. (ECF No. 40, PageID.312.) Had Plaintiff requested an extension, his due date could have been extended to July 22, at the latest. (*See* ECF No. 33-2, PageID.163.) This would have given Plaintiff enough time to submit the forms he

9

received on July 5. Plaintiff's administrative remedy simply was not unavailable if the MDOC's policies provided a mechanism which he could have used to submit this grievance on time. *Cf. Feuer*, 139 F. App'x at 931; *Jordan*, 2018 WL 3737917, at *4–5.

To be sure, there is no guarantee that the MDOC would have granted Plaintiff's grievance, or that had his extension been granted, Plaintiff still would have received his forms before his step two grievance was due. But this Court cannot hold that Plaintiff's administrative remedies were unavailable just because the MDOC *might* have prevented Plaintiff from submitting his step two grievance on time. *Watkins v. Donnelly*, 551 F. App'x 953, 959 (10th Cir. 2014). Plaintiff should have requested an extension to "spare [the court] from speculat[ing]" as to whether, had Plaintiff attempted to fully comply with the MDOC's policies, his administrative remedies would have been available. *Id.* Indeed, the Sixth Circuit has repeatedly held that prisoners must fully exhaust their administrative remedies even where they believe that doing so would "be ineffectual or futile." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (quotation marks omitted) (quoting *Pack v. Martin*, 174 F. Appx. 256, 262 (6th Cir.2006)). Accordingly, I suggest that Plaintiff has failed to exhaust his administrative remedies, and summary judgment should be entered in favor of Hallett.[3]

---

[3] I further suggest that summary judgment be granted with prejudice. Generally, dismissal for failure to exhaust administrative remedies under the PLRA "*should* be without prejudice." *Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2006) (emphasis added). However, "a claim that has been properly rejected by the prison grievance system on procedural grounds should be dismissed from the plaintiff's complaint with prejudice" because "[o]nce a prison formally denies an inmate's grievance for" procedural reasons such as "untimeliness, and . . . the court upholds the decision, the inmate's failure to exhaust is no longer 'a temporary, curable, procedural flaw.'" *Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004). Here, judgment without prejudice would make little sense because Plaintiff's procedural flaw is not curable. Plaintiff cannot file any subsequent grievances

### E. Conclusion

For the reasons discussed above, **I RECOMMEND** that this Court **GRANT** Defendant Hallett's motion for summary judgment (ECF No. 33) and dismiss the case against her with prejudice.

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

---

within the deadlines provided by the MDOC Grievance policies; therefore, it is impossible for him to properly exhaust his administrative remedies. *See Ramirez v. Hungness*, No. 10-112, 2010 WL 1839015, at *1 (E.D. Ky. May 6, 2010); *see also Murphy v. Lockhart*, 826 F. Supp.2d 1016, 1029–30 (E.D. Mich. 2011); *Harris v. PA A. NDIFE*, No. 06-CV-223, 2006 WL 3469552, at *3 (E.D. Ky. Nov. 30, 2006).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 27, 2022	S/ PATRICIA T. MORRIS
	Patricia T. Morris
	United States Magistrate Judge