UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HARP,

    *Plaintiff,*

CASE NO. 5:19-cv-13789

v.

DISTRICT JUDGE JUDITH E. LEVY
VICTORIA HALLETT,   MAGISTRATE JUDGE PATRICIA T. MORRIS
LASHLEY, DRUM, LADD, and
Unidentified TRANSPORTATION OFFICERS,

    *Defendants.*

    _____/

## REPORT AND RECOMMENDATION RE DOE DEFENDANTS

**I.   RECOMMENDATION**

For the following reasons, **I RECOMMEND** that this Court **DISMISS** the Doe Defendants.

**II.   REPORTS**

    **A.  Analysis**

Plaintiff filed a Complaint on December 26, 2019 against several unnamed transportation officers. Plaintiff's claims require the identity of any John or Jane Doe Defendants for service of process purposes. Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within

a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

On August 8, 2022, the Court entered an Order requiring identification of the Doe Defendants by September 9, 2022. (ECF No. 50.) The Court noted that it could have recommended dismissal at that time but was sympathetic with Plaintiff's position. (ECF No. 50, PageID.394.) Plaintiff was warned that if he did not identify the Doe Defendants by September 9, 2022, an R&R would enter recommending dismissal of the Doe Defendants. The deadline passed a month ago and Plaintiff has still not identified the Doe Defendants. Therefore, the Doe Defendants should be dismissed. *See Cross v. Carmona*, 15-cv-14254, 2018 WL 1535393, at *4 (E.D. Mich. March 29, 2018); *Ward v. Corizon Health, Inc.*, 15-cv-11902, 2016 WL 422493, at *8 (E.D. Mich. July 12, 2016); *Cary v. Mox*, 17-cv-12862, 2018 WL 4402939, *10 (E.D. Mich. Aug. 14, 2018). For these reasons, **I RECOMMEND** that this Court **DISMISS** the Doe Defendants.

### B. Conclusion

For the previously discussed reasons, **I RECOMMEND** that this Court **DISMISS** the Doe Defendants.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file

specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 6, 2022    S/ PATRICIA T. MORRIS
　　　　　　　　　　　　　Patricia T. Morris
　　　　　　　　　　　　　United States Magistrate Judge