UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HARP,

    *Plaintiff,*

v.

VICTORIA HALLETT,
LASHLEY,
DRUM,
LADD, and
TRANSPORTATION OFFICERS,

    *Defendants.*
    _____/

CASE NO. 5:19-cv-13789

DISTRICT JUDGE JUDITH E. LEVY
MAGISTRATE JUDGE PATRICIA T. MORRIS

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 55)

**A.    BACKGROUND**

Plaintiff, a Michigan Department of Corrections' ("MDOC'") inmate currently housed at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan, filed suit in this Court on December 26, 2019 pursuant to 42 U.S.C. § 1983 alleging Eight Amendment violations by healthcare personnel and other MDOC employees.

On November 17, 2022, the District Court lifted a previous stay on discovery, ordering as follows as to the unidentified defendants:

1

> The stay on discovery is now lifted and Plaintiff has 45 days from today's date to identify the John Does or voluntarily dismiss them from the case. Assuming that the John Does are identified through the discovery process, Plaintiff must serve them within 90 days of learning their identities. Otherwise, the claims against them will be dismissed for failure to prosecute. . ."

(ECF No. 53, PageID.427).

### B.     THE MOTION TO COMPEL

On January 10, 2023, Plaintiff filed the current motion, stating that "on November 22, 2022, he sent a request for documents to Defendants' attorneys "requesting the names of the transportation officers that [were] responsible for transporting [him]" to the hospital for his radiation treatment during the relevant period. (ECF No. 55, PageID.434). He states further that he received a response on December 21, 2022, but that the response to his discovery requests did not include the names of officers responsible for his transport. (*Id*.) Plaintiff contends that the officers' names are vital to the prosecution of his claim. (*Id*. at PageID.435). He accuses the Defendants' attorneys (the Michigan Attorney General's Office) of trying "to delay and/or deny furnishing [him] with the names." (*Id*.)

In response, Defendants contend that the motion should be denied on both procedural and substantive grounds, pointing out that Plaintiff failed to include a copy of the discovery requests and responses/objections as required by Eastern District Local Rule ("LR") 37.2. (ECF No. 57, PageID.447). They also argue that

2

"[d]espite reasonable inquiry from Defendants, JCF staff, MDOC transportation staff, and Counsel," the names of the individuals "remain unidentified." (*Id*. at PageID.449). They state that their responses to the discovery requests "clearly stated that the requested information was outside the MDOC's retention schedule and [are] no longer available." (*Id*.). In sum, they contend that they "have complied with their discovery obligations and provided Harp with appropriate discovery responses." (*Id*. at PageID.450).

The Court cannot assess the merits of Plaintiff's motion without reviewing Defendants' responses to the discovery requests. Because Plaintiff has failed to include a copy of the discovery requests and responses/objections as required by Eastern District Local Rule ("LR") 37.2, the motion could be denied without prejudice. (ECF No. 57, PageID.447). However, since that would simply delay the inevitable, the court finds that resources would be better spent requiring Defendant to produce whatever it has that could assist Plaintiff in identifying the John Does.

Although Defendants state that they are unable to identify the unknown Defendants because the information was outside MDOC's retention schedule, the relevant portion of the Complaint alleges that from May 15, 2019 through August 26, 2019, Plaintiff was prevented from obtaining physician-prescribed radiation treatment for prostate cancer due to "the use of threats to issue false [misconduct

3

reports] . . . by multiple unknown Correctional Transport Officers." (ECF No. 1, PageID.8, ¶ 6).  Plaintiff filed suit in this Court on December 26, 2019.

Therefore, the Court will grant the motion in part, requiring Defendant to provide to Plaintiff any now-unavailable information that would assist in identifying the unnamed Defendants, such as activity logs, work assignment data, etc. The Court notes that "'[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation.'" *Forest Lab'ys, Inc. v. Caraco Pharm. Lab'ys, Ltd.*, No. CIV.A.06-CV-13143, 2009 WL 998402, at *2 (E.D. Mich. Apr. 14, 2009) (quoting *Fujitsu Ltd. v. Fed. Express Corp.,* 247 F.3d 423, 436 (2d Cir. 2001)).

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Compel is **GRANTED IN PART**.  (ECF No. 55). Defendant should produce any information it has to assist Plaintiff to the Plaintiff within fifteen (15) days of this Order. Plaintiff will then have an additional 15 days from the date of production of any information to file an amended complaint naming the John Does or he will face a recommendation that the John Does be dismissed for failure to prosecute.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

4

Date: January 30, 2023                           s/PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge