UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HARP,

    *Plaintiff,*

v.

VICTORIA HALLETT,
DONALD LASHLEY,
DONALD DRUM,
CARL LADD, and
TRANSPORTATION OFFICERS,

    *Defendants.*
_____/

CASE NO. 5:19-cv-13789

DISTRICT JUDGE JUDITH E. LEVY
MAGISTRATE JUDGE PATRICIA T. MORRIS

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 60)[1]

Plaintiff, a Michigan Department of Corrections' ("MDOC'") inmate currently housed at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan, filed suit in this Court on December 26, 2019 pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment violations by healthcare personnel and other MDOC employees.

Plaintiff states that his ability to represent himself is stymied by vision

---

[1] Plaintiff's first motion to appoint counsel, filed March 3, 2021, was denied on October 25, 2021. (ECF Nos. 20, 39).

limitations, the inability to afford counsel, his limited knowledge of the law, and the complexity of the case. (ECF No. 60, PageID.468-69).

Plaintiff's second motion to appoint counsel will be denied. Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's sound discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiffs' ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corrections*, 333 F. App'x 914, 917–18 (6th Cir. 2009). Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012)

2

(citing *Lince v. Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

Plaintiff's Complaint and responses to previous motions for summary judgment demonstrate that he possesses the ability to clearly state his claims and respond to future dispositive motions. (ECF Nos. 1, 40, 45, 52). The Court does not find the factual or legal issues complex, and Plaintiff has not articulated any other exceptional circumstances that would now justify appointing counsel. The current dispositive motion deadline is currently April 14, 2023. Should any of Plaintiff's claims survive Defendants' renewed motions for summary judgment, the Court will consider any renewed motions for appointment of counsel.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF Nos. 60) is **DENIED WITHOUT PREJUDICE**. In the future, Plaintiff may again request appointment of counsel if he can demonstrate a change in circumstances that would necessitate the assistance of counsel.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date:  March 6, 2023                                              s/PATRICIA T. MORRIS
                                                                                   Patricia T. Morris
                                                                                   United States Magistrate Judge