UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anthony Harp,

          Plaintiff,          Case No. 19-cv-13789

v.                                    Judith E. Levy
                                    United States District Judge

Victoria Hallett, Dennis Lashley,
Donald Drum, Carl Ladd, and      Mag. Judge Patricia T. Morris
Transportation Officers,

          Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANT VICTORIA HALLETT'S OBJECTION [82], ADOPTING REPORT AND RECOMMENDATION TO DENY DEFENDANT VICTORIA HALLETT'S MOTION FOR SUMMARY JUDGMENT [80], AND DENYING DEFENDANT VICTORIA HALLETT'S MOTION FOR <u>SUMMARY JUDGMENT [72]</u>**

Before the Court is Magistrate Judge Patricia T. Morris's Report and Recommendation ("R&R"), (ECF No. 80), which recommends denying Defendant Dr. Victoria Hallett's Motion for Summary Judgment. (ECF No. 72.)

Plaintiff Anthony Harp is a prisoner who is in the custody of the Michigan Department of Corrections ("MDOC"). (ECF No. 1.) The events

that gave rise to this lawsuit occurred at the G. Robert Cotton Correctional Facility in Jackson, Michigan in 2019. (*Id.* at PageID.7.) Harp brought this action under 42 U.S.C. § 1983 accusing Hallett of violating his Eighth Amendment right to be free from cruel and unusual punishment, among other claims against other Defendants. (*Id.* at PageID.5.) Alleging deliberative indifference to his serious medical needs, Harp asserts that Hallett took him off pain medication, MS Contin, "cold turkey" without treatment for withdrawal and without replacing it with "an effective pain medication." (*Id.* at PageID.6.) In connection with these claims, Harp states that Hallett "falsely claim[ed]" he was hiding pain medication in his cheeks rather than taking it properly. (*Id.*) In her motion for summary judgment, Hallett argues that Harp has failed to meet the objective and subjective components required to make out a claim for deliberative indifference to serious medical needs under the Eighth Amendment. (ECF No. 72, PageID.752–53.)

On August 1, 2023, Magistrate Judge Morris issued the R&R recommending denial of Hallett's motion. (ECF No. 80.) The parties were required to file specific written objections, if any, within fourteen days of

2

service. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). Defendant submitted one objection to the R&R on August 15, 2023. (ECF No. 82.)

For the reasons set forth below, the Court denies Hallett's objection, adopts the R&R, and denies Hallett's motion for summary judgment.

I.  **Background**

The Court adopts by reference the background set forth in the R&R, having reviewed it and finding it to be accurate and thorough. (ECF No. 80, PageID.917–919.)

II. **Legal Standard**

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper. *See Coleman-Bey v.*

3

*Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)). Moreover, objections must be clear and specific so that the district court can "discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

Because Plaintiff is self-represented, the Court will construe his pleadings and filings liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387

4

(6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### III. Analysis

Defendant raises one objection to the R&R, arguing that "Judge Morris reads into the case a retaliation claim that was not properly plead or preserved in Plaintiff's Complaint and raised for the first time in Plaintiff's response to Dr. Hallett's Motion for Summary Judgment." (ECF No. 82, PageID.947–948.)

Hallett argues that in the Sixth Circuit, Harp must present "expert medical evidence" to survive summary judgment on his claim against her. (ECF No. 72, PageID.749–750.) Judge Morris rejects the need for such evidence because Hallett terminated Harp's prescription for a narcotic pain killer and "a layperson would understand the need for [a] cancer patient undergoing radiation and chemotherapy to have adequate pain management" as well as treatment for withdrawal. (ECF No. 80, PageID.924–925.) Further, there is a genuine dispute of material fact as to whether "Hallett's treatment decision was motivated by nonmedical factors," which also undermines Hallett's argument that Harp was required to provide expert medical testimony in support of his claim. *Id.*

at 929. As a result, she finds that that "Harp raises a genuine [dispute] of material fact as to both whether Hallett deprived him of a serious medical need and whether Hallett acted with deliberate indifference to Harp's medical needs." (*Id.* at PageID.921.) The Court agrees.

## A. Expert Medical Evidence

Hallett argues that this dispute is a disagreement about "the quality of care provided by Dr. Hallet [sic]," which means that Harp must provide medical evidence to support his claim of deliberate indifference. (ECF No. 72, PageID.748.) Hallett primarily relies upon *Phillips v. Tangilag*, 14 F.4th 524 (6th Cir. 2021). In that case, a prisoner brought an Eighth Amendment claim for deliberate indifference to his serious medical needs. *Id.* at 529. He suffered from a large, painful hematoma in his calf, which his doctors refused to surgically remove. *Id.* Surgery was not the standard of care for his medical need, as was established by expert testimony. *Id.* at 536. The plaintiff received extensive care (an ultrasound, a CT scan, a referral to a specialist, an attempt to drain the hematoma, an MRI, a consult, a recommendation to apply moist heat, an ultrasound, physical therapy, and pain medication). *Id.* at 536. As the Sixth Circuit explained, "the doctors ordered many expensive tests,

6

identified the problem, and followed a treatment plan provided to most people who suffer similar injuries outside a prison." *Id.* at 537.

Here, the situation is quite different. Although Harp spoke to medical professionals about his withdrawal symptoms several times, the care provided was nowhere near as extensive as in *Phillips*. (ECF No. 72, PageID.740–744 (describing Hallett ending Harp's prescription, after which, over the course of several appointments, practitioners provided over-the-counter medications, encouraged "the use of distraction," and provided incontinence garments in response to Harp's complaints of pain, gastrointestinal issues, and other withdrawal symptoms).)

Not only are the facts of this case distinguishable from *Phillips*, but as the R&R explains, the factual dispute at the center of this case is not a disagreement about adequacy of treatment in the same sense as *Phillips*.[1] Rather, the central factual dispute is whether Hallett "withheld prescribed treatment for nonmedical reasons." (ECF No. 80, PageID.929.)

---

[1] Further, the R&R points out that Hallett wrongly suggests Harp is challenging the adequacy of the treatment for his cancer, (ECF No. 72, PageID.747–748), when the condition at issue is the *pain* caused by cancer treatment and the withdrawal he experienced after Hallett ended his pain medication so abruptly. (ECF No. 80, PageID.924.)

7

Harp's position is that Hallett "did not make her decision for medical purposes," but instead ended his pain relief medication in retaliation for his refusal to sign a release of liability. (ECF No. 80, PageID.928.) As the R&R explains, "if a physician has withheld prescribed treatment for nonmedical reasons, then a factfinder is no longer tasked with weighing various courses of treatment as the provider has not made a 'medical judgment'; rather, the physician has simply interfered with a prescribed course of treatment." (ECF No. 80, PageID.929.) In the Sixth Circuit, when a plaintiff alleges an intentional change in treatment for nonmedical reasons, the case must be treated differently than one where the dispute is about the adequacy of medical care that was guided by a professional's medical judgments. *See Johnson v. Cunnagin*, No. 21-5659, 2022 WL 2662001, at *2 (6th Cir. Feb. 24, 2022). Because Harp makes an allegation about an intentional change in treatment for nonmedical reasons, he need not provide expert medical testimony, which would not aid a factfinder in deciding his claims.

### B. Hallett's Objection

In response, Hallett objects that Harp did not adequately allege a claim that would allow him to avoid the requirement to provide expert

8

medical evidence. Hallett asserts that the R&R "improperly combin[es] an unpreserved First Amendment retaliation claim with Plaintiff's Eight Amendment deliberate indifference claim." (ECF No. 82, PageID.948.) She states that Harp did not raise a retaliation claim until his response to the motion for summary judgment, so Judge Morris should not have considered evidence of Hallett acting with a nonmedical purpose and, as a result, the Court should grant summary judgment. (ECF No. 82, PageID.949–950.)

Hallett's position is incorrect, because the R&R does not introduce an "unpreserved First Amendment claim" into its analysis. (ECF No. 82, PageID.948.) That is clear from the face of the R&R, which discusses "Hallett's motives . . . in the Eighth Amendment context." (ECF No. 80, PageID.929.) The R&R offers an Eighth Amendment analysis of Hallett's motives based on the record before it, in relation to Harp's claim of deliberate indifference to his serious medical need, which was certainly pled in his complaint. (ECF No. 1, PageID.6.) Surveying the record, which includes affidavits from Harp, the R&R finds that the evidence would allow a reasonable factfinder to conclude that Hallett acted for a nonmedical purpose. (ECF No. 80, PageID.934.) This means Harp does

9

not have the burden of producing expert medical evidence in support of his argument, the R&R concludes. (*Id.*)

That conclusion raises the question of whether Harp's affidavit, which states that Hallett retaliated against him, introduced a new claim that required amendment of his complaint or whether it introduced new evidence that could be considered during the summary judgment phase of this proceeding. The claim is adequately pled in Harp's complaint, however, especially considering the liberal standards for pro se litigants. There, Harp asserts that Hallett discontinued his pain medication "falsely claiming that Plaintiff was caught cheeking the medicine." (ECF No. 1, PageID.8.) Harp alleges Hallett made the false claim about "'cheeking' when there was never any proof [of cheeking]" and that "no misconduct was ever written for such a violation of the rules." (*Id.* at PageID.6, 8.) It is true that Harp does not refer to the release in the complaint and that he mentions "retaliation" in the context of the actions of correctional officers, not Hallett. (*Id.* at 8.) Still, Harp's reference to Hallett's claims about "cheeking" being false and unsubstantiated are clearly meant to convey that she was not actually motivated by concerns about "cheeking."

10

Harp's affidavit contextualizes, supports, and further explains his claim that Hallett made an accusation against him without evidence and then took him off his pain medication in a manner that led to serious withdrawal symptoms. There, he states that he refused to sign a release of responsibility Hallett presented to him, and "Hallett was upset because I did not want to be harassed by the transportation officers who were taking me to radiation treatment." (ECF No. 74, PageID.862–863.) These statements do not add an unpreserved claim, nor does the R&R suggest otherwise. (*See* ECF No. 80, PageID.929 (explaining the significance of alleging that treatment was denied for nonmedical reasons without reference to any new claims).) Accordingly, Hallett's objection to the contrary must be denied.

Judge Morris explains that there is a genuine dispute of material fact about Hallett's motivations for ending Harp's prescribed treatment, which precludes granting Hallett's motion for summary judgment. (*Id.* at 934 ("Between Hallett's undetailed explanations, the suspicious timing of her concerns, and the paucity of corroboration anywhere in Harp's records, a reasonable factfinder could conclude that Hallett fabricated her justification for ending Harp's prescription after retaliating against

11

Harp for refusing to sign the release.").)[2] There are several other disputes of material fact here, which the R&R addresses. For instance, Judge Morris addresses the factual disputes about whether Harp requested to end his prescription, (*Id.* at PageID.927 n.3)[3], and whether Harp experienced withdrawal symptoms. (*Id.* at 925–926.)[4] Hallett only raises

---

[2] In discussing the explanations offered by Hallett, the R&R states "her failure to provide basic details regarding the basis for her suspicions, cuts against her credibility." (ECF No. 80, PageID.934.) In adopting the R&R, the Court interprets this statement as indicating that, based on the evidence, a reasonable factfinder need not accept Hallett's side of story as fact but could doubt her credibility and side with Harp's version. Although summary judgment is not the proper place for credibility determinations, *Anderson*, 477 U.S. at 255, "summary judgment is not appropriate where the opposing party offers specific facts that call into question the credibility of the movant's witnesses." *Goodwin v. City of Painesville*, 781 F.3d 314, 323 (6th Cir. 2015). The Court understands and adopts the R&R's comments consistent with the above-stated rule.

[3] Harp has maintained throughout this litigation, including under penalty of perjury, that he did not request that Hallett end his prescribed pain medication abruptly. (ECF No. 1, PageID.6 (asserting he was taken off pain medication, not that he requested it); ECF No. 74, PageID.863–864 ("Plaintiff did not say take me off all of it.").)

[4] Puzzlingly, Hallett asserts that there is no evidence that Harp suffered from withdrawal. (ECF No. 72, PageID.747.) Elsewhere, however, Hallett states that Harp was having withdrawal symptoms. (*Id.* at PageID.740 ("Elizabeth VanAuken, R.N. was contacted by custody because Mr. Harp was having withdrawal symptoms from stopping his MS Contin.").) The medical records reference Harp's complaints about withdrawal and various symptoms that practitioners treated. (ECF No. 72-1, PageID.811 ("inmate has been taken off his Morphine and is in pain").) The R&R states that "[e]ven without objective medical evidence to corroborate his complaints, the Court must accept Harp's assertions as true." (ECF No. 80, PageID.926.) The Court would put it slightly differently. Given the evidence in the record and drawing all inferences in favor of the nonmoving party, a reasonable factfinder could conclude

an objection related to retaliation and does not object to these parts of the R&R.

## IV. Conclusion

Having reviewed the R&R and the objection to it, the Court concurs with the R&R and adopts its reasoning and result.

For the reasons set forth above, Defendant's Objection to the R&R, (ECF No. 82), is DENIED, the R&R, (ECF No. 80), is ADOPTED, and Defendant's Motion for Summary Judgment, (ECF No. 72), is DENIED.

IT IS SO ORDERED.

Dated: March 21, 2024       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2024.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager

---

that Harp experienced withdrawal symptoms. As the R&R rightly notes, Hallett does not provide conclusive, objective evidence that blatantly contradicts these or any other claims from Harp. (*Id.* at PageID.927 n.3.)

13