UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anthony Harp,

           Plaintiff,      Case No. 19-cv-13789

v.                               Judith E. Levy
                                  United States District Judge
Victoria Hallett, Dennis Lashley,
Donald Drum, Carl Ladd, and     Mag. Judge Patricia T. Morris
Transportation Officers,

           Defendants.

_____/

**OPINION AND ORDER ADOPTING IN PART THE REPORT & RECOMMENDATION [79], GRANTING IN PART DEFENDANTS LASHLEY, DRUM, AND LADD'S OBJECTION TO THE REPORT & RECOMMENDATION [81], AND GRANTING IN PART AND DENYING IN PART DEFENDANTS LASHLEY, DRUM, AND LADD'S MOTION FOR SUMMARY JUDGMENT [68]**

Plaintiff Anthony Harp is a prisoner who is currently in the custody of the Michigan Department of Corrections ("MDOC"). (ECF No. 1.) The events at issue in this lawsuit occurred at the G. Robert Cotton Correctional Facility in Jackson, Michigan in 2019. (*Id.* at PageID.7.) Harp brought this action under 42 U.S.C. § 1983 against Defendants

Dennis Lashley, Donald Drum, and Carl Ladd who are Correctional Transportation Officers ("CTOs"). [1] (ECF No. 68, PageID.539.)

Harp alleges the CTOs retaliated against him in violation of his First Amendment rights for filing a grievance and violated his Eighth Amendment rights to be free of cruel and unusual punishment by interfering with his medical treatment. (ECF No. 1, PageID.5, 17.) He also raises related state law claims. (*Id.*) Harp states that the CTOs "denied" him the ability to attend physician-ordered radiation treatments for prostate cancer by threatening to issue "false misconducts" against him, in part to retaliate for grievances he filed. (*Id.* at PageID.8–9.) Harp also states that CTO Drum filed a "false misconduct report" against him to retaliate for a grievance Harp filed, which led to him being placed in segregation. (*Id.*; ECF No. 70, PageID.703.) The motion for summary judgment argues that Harp fails to establish his claims under the First and Eighth Amendments, the CTOs are shielded by qualified immunity, and Harp is not entitled to the injunctive relieve he seeks. (ECF No. 68, PageID.560.)

---

[1] Harp also named additional, "unknown" CTOs and Dr. Victoria Hallett as Defendants. The Court recently denied Hallett's motion for summary judgment in a separate Opinion and Order. (ECF No. 85.)

2

On July 26, 2023, Magistrate Judge Patricia T. Morris issued a Report and Recommendation ("R&R"), (ECF No. 79), recommending that the Court grant in part Defendants' motion for summary judgment.[2] (ECF No. 68.) The parties were required to file specific written objections, if any, within fourteen days of service. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). Defendants submitted one objection to the R&R on August 15, 2023. (ECF No. 81.) Plaintiff did not file any objections to the R&R or respond to Defendants' objections.

For the reasons set forth below, the Court adopts the R&R in part, grants in part the CTOs' objection, and grants in part and denies in part the CTOs' motion for summary judgment.

**I.  Background**

The factual and procedural background set forth in the R&R is fully adopted as though set forth in this Opinion and Order. (ECF No. 79, PageID.887–891.)

---

[2] The Court has previously granted in part and denied in part the CTOs' request to dismiss Harp's claims for failure to exhaust. (ECF No. 53, PageID.427.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are improper. *See Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)). Moreover, objections must be clear and specific so that the district court can "discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").

4

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

Because Plaintiff is self-represented, the Court will construe his pleadings and filings liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### III. Analysis

The R&R recommends that the Court:

(1) dismiss all of Plaintiff's claims for injunctive relief; (2) dismiss Plaintiff's First Amendment retaliation claims against Lashley, Ladd, and Drum; (3) dismiss Plaintiff's Eighth Amendment claims against Drum and Ladd, but not against Lashley; and (4) retain jurisdiction over Plaintiff's state law claims.

5

(ECF No. 79, PageID.886.)

### A.    Injunctive Relief

With respect to injunctive relief, Harp seeks an order for his radiation treatment to resume and an order for the CTOs to "cease and desist all threats and unconstitutional behavior." (ECF No. 1, PageID.10.) The R&R recommends dismissing Harp's request to reinstate his radiation treatment as moot, (ECF No. 79, PageID.892–894), because he has been informed that he no longer has cancer and further radiation is not medically indicated. (ECF No. 68-5, PageID.592.) The R&R also recommends dismissing Harp's request for an order about alleged threats and unconstitutional behavior because it is "impermissibly vague," overbroad, and is essentially just a command to obey the law. (ECF No. 79, PageID.894–896.) Neither party objected to this portion of the R&R's analysis. The Court has nevertheless carefully reviewed the R&R and concurs in the reasoning and result. Accordingly, Plaintiff's claims for injunctive relief are dismissed.

### B.    Eighth Amendment Claims

Harp also asserts that the CTOs prevented him from accessing radiation treatments for his prostate cancer in violation of his Eighth

6

Amendment rights. (*See* ECF No. 1, PageID.5, 8–9.) The R&R recommends that the Court grant summary judgment on Harp's Eighth Amendment claim against Drum and Ladd but deny summary judgment as to Lashley. (ECF No. 79, PageID.909.) The R&R explains that Harp provides no evidence that Drum or Ladd harassed Harp or deterred him from receiving medical treatment. (*Id.* at PageID.913.) However, the R&R concludes that Harp points to evidence that Lashley threatened him with discipline to dissuade Harp from accepting treatment. (*Id.* at PageID.914.) Neither Harp nor the CTOs filed an objection to the R&R's Eighth Amendment recommendation. After carefully reviewing the R&R, the Court concurs in its reasoning and recommended result. Accordingly, the Court grants summary judgment to Drum and Ladd on Harp's Eighth Amendment claim and denies summary judgment to Lashley.

### C. First Amendment Retaliation Claims

In his complaint, Harp asserts that the CTOs retaliated against him in violation of his First Amendment rights. (*See* ECF No. 1, PageID.5, 8–9.) To plead a First Amendment retaliation claim, a prisoner must plead that:

> 1) the prisoner engaged in protected conduct; 2) an adverse action was taken against the prisoner that would deter a

7

> person of ordinary firmness from continuing to engage in that conduct; and 3) a causal connection exists between the first two elements, *i.e.*, the prisoner's protected conduct motivated at least in part the adverse action.

*Scott v. Kilchermann*, No. 99-1711, 2000 WL 1434456, at *2 (6th Cir. Sep. 18, 2000) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). The R&R only reaches the first element of this analysis. (ECF No. 79, PageID.900 ("The . . . inquiry here begins and ends with the first element of Harp's retaliation claim.").) Judge Morris concludes that Harp engaged in protected conduct by filing grievances related to the CTOs' alleged verbal harassment. (ECF No. 79, PageID.904.) However, the R&R recommends that the Court find that the CTOs are nevertheless entitled to qualified immunity. (*Id.* at PageID.905–907.)

The CTOs do not object to the R&R's qualified immunity analysis. (ECF No. 81, PageID.939 n.1.) Rather, they object to the R&R's reasoning in "the portion of the Report and Recommendation finding that Harp's complaints constitute conduct protected by the First Amendment." (*Id.* at PageID.944.) Specifically, the CTOs disagree with the R&R's conclusion that Harp's grievances were non-frivolous and were protected by the First Amendment. (*Id.* at PageID.939–944.)

8

While the right to file grievances is protected by the First Amendment, that protection does not apply to frivolous grievances. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). The Sixth Circuit has not determined whether a *de minimis* underlying grievance can form the basis of a retaliation claim, however, it has acknowledged that "[s]ome cases in this Circuit appear to suggest that a prisoner's grievance is frivolous when the underlying grievance itself is *de minimis*." *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018.) (citations omitted). In *Maben*, the Sixth Circuit held that a complaint about the adequacy of food in prison is neither frivolous nor *de minimis*. *Id.* at 265 (describing the grievance as related to "one of the major requirements of life").

The R&R concludes that prisoners' grievances are not necessarily frivolous if they fail to address interests that are "protected by federal or state law." (ECF No. 79, PageID.901.) It also states that even a grievance that raises a *de minimis* issue may have First Amendment protection and, regardless, Harp raised more than a *de minimis* issue when he alleged "persistent verbal harassment from prison officials." (*Id.* at PageID.904.) The R&R finds that Harp's grievance was protected conduct under the First Amendment. (*Id.*) The CTOs contend that a grievance

9

about "verbal abuse and harassment is frivolous" and ask the Court to reject the finding that Harp's complaints are protected by the First Amendment. (ECF No. 81, PageID.943–944.)

The Court need not resolve whether Harp's grievances related to verbal abuse and harassment are protected conduct under the First Amendment.[3] Instead, the Court agrees with the R&R that the CTOs are entitled to qualified immunity. (*See* ECF No. 79, PageID.898.) The qualified immunity analysis involves a "two-step sequence" in which the Court decides whether the facts shown by a plaintiff are a constitutional violation and "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S.

---

[3] As a result, the Court leaves open the possibility that retaliation against someone for a grievance related to verbal abuse could constitute a constitutional violation in some circumstances.

Further, it does not make a finding about retaliation for grievances related to denial of visual aids. The R&R explains that "Harp alleges that the Officers retaliated against him for filing a pair of grievances concerning their verbal harassment and refusal to allow Harp to bring his 'visual aids' to his appointments." (ECF No. 79, PageID.898; *see also* ECF No. 35-3.) However, the R&R does not interpret Harp to be making retaliation claims based on grievances that assert denial of visual aids, only retaliation claims based on grievances related to verbal abuse. Harp's briefing does not assert otherwise, nor does he make any objections to the R&R. The Court therefore analyzes Harp's retaliation claims as being based on grievances related to verbal harassment rather than being based on grievances related to denial of visual aids.

10

223, 232 (2009). The Court can start with either prong of the sequence and, if the plaintiff fails at either step, the defendant is shielded by qualified immunity. *Id.* at 232, 236.

The Court need not reach the constitutional question about persistent verbal abuse if there is not clearly established law about the right at issue. *See id.* at 241 (discussing the "general rule of constitutional avoidance"). To avoid qualified immunity:

> [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Bletz v. Gribble*, 641 F.3d 743, 750 (6th Cir. 2011) (cleaned up). When evaluating existing precedent, the Sixth Circuit "look[s] first to decisions of the Supreme Court, then to decisions of this court and other courts within our circuit, and finally to decisions of other circuits." C*hampion v. Outlook Nashville, Inc.*, 380 F.3d 893, 902 (6th Cir. 2004). However, the analysis "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

11

As set forth above, frivolous complaints or grievances are not protected First Amendment conduct and cannot form the basis of a retaliation claim. *Maben*, 887 F.3d at 264 ("the right to file grievances is protected only insofar as the grievances are not 'frivolous.'") In *Maben*, the Sixth Circuit does not address whether a grievance based on persistent verbal abuse constitutes a frivolous grievance. However, *Maben* cites to an earlier unpublished Sixth Circuit opinion that found that a grievance for verbal abuse was frivolous, because a prisoner has "no constitutionally protected right to be free from verbal abuse." *Kilchermann*, 2000 WL 1434456, at *2 (citing *Ivey v. Wilson,* 832 F.2d 950, 954–55 (6th Cir. 1987)). Additionally, other courts in the Sixth Circuit have held that a grievance about verbal abuse is not protected conduct. *See, e.g.*, *Good v. Spencer*, No. 2:21-cv-00001, 2022 WL 9813754, at *4 (W.D. Mich. July 19, 2022), *report and recommendation adopted*, No. 2:21-CV-1, 2022 WL 4354269 (W.D. Mich. Sept. 20, 2022). Thus, it is not clearly established in the Sixth Circuit that a grievance based solely on verbal abuse (persistent or otherwise) constitutes protected conduct.

Accordingly, the Court adopts the R&R's recommendation that it grant qualified immunity to the CTOs on Harp's retaliation claims,

insofar as the underlying grievance involves verbal abuse. (ECF No. 79, PageID.907.) Because the Court need not resolve whether Plaintiff's verbal harassment grievances constitute protected conduct, it declines to adopt the relevant portion of the R&R to which the CTOs object. As such the CTOs' objection is granted in part.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART Defendant's objection to the R&R, (ECF No. 81), ADOPTS IN PART the R&R, (ECF No. 79), and GRANTS IN PART and DENIES IN PART Defendants' motion for summary judgment. (ECF No. 68.)

Specifically, the Court (i) GRANTS summary judgment to Drum, Ladd, and Lashley on Plaintiff's claims for injunctive relief, (ii) GRANTS summary judgment to Drum and Ladd on Plaintiff's Eighth Amendment claim, (iii) DENIES summary judgment to Lashley on Plaintiff's Eighth Amendment claim, (iv) GRANTS summary judgment with respect to Plaintiff's First Amendment retaliation claim against Drum, Ladd, and Lashley, and (v) retains jurisdiction over Plaintiff's state law claims.

IT IS SO ORDERED.

Dated: April 9, 2024             s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY

United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 9, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager