UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anthony Harp,

                Plaintiff,      Case No. 19-13789

v.                               Judith E. Levy
                               United States District Judge

Victoria Hallett, Dennis Lashley,
Donald Drum, Carl Ladd, and     Mag. Judge Patricia T. Morris
Transportation Officers,

                Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT VICTORIA HALLETT'S MOTION TO STAY
PROCEEDINGS [88]**

Before the Court is Defendant Victoria Hallett's Motion to Stay Proceedings Pending the Resolution of the Corizon Health, Inc. Bankruptcy. (ECF No. 88.)

For the reasons set forth below, Defendant Hallett's motion is granted in part and denied in part.

**I.    Background**

On December 26, 2019, *pro se* Plaintiff Anthony Harp, a prisoner in the custody of the Michigan Department of Corrections, filed a complaint

against Defendants Victoria Hallett, Dennis Lashley, Donald Drum, Carl Ladd, and Transportation Officers. (ECF No. 1.) Plaintiff brought this action under 42 U.S.C. § 1983, accusing Defendant Hallett of acting with deliberate indifference to his serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment, among other claims against other Defendants. (*Id.* at PageID.5–6.)

On May 10, 2023, Defendant Hallett filed a Motion for Summary Judgment. (ECF No. 72.) On March 21, 2024, the Court issued an Opinion and Order Adopting the Report and Recommendation to Deny Defendant Victoria Hallett's Motion for Summary Judgment. (ECF No. 85.)

On July 3, 2024, Defendant Hallett filed this Motion to Stay. (ECF No. 88.) She alleges that at the time the alleged violations took place, she was an employee of Corizon Health, Inc.[1] and that "pursuant to that employment was promised defense and indemnity by Corizon for any claims arising out of her employment." (*Id.*, PageID.988.) She states that her defense costs were originally covered by Corizon Health, Inc., but "[a]s part of its bankruptcy Corizon Health Inc. repudiated its defense

---

[1] Corizon Health, Inc. is now known as Tehum Care Services, Inc.

2

coverage for Defendant Dr. Hallet[t] forcing her, with no warning, to cover defense costs of continued litigation in this matter." (*Id.*, PageID.988.) She has "limited funds to continue defending this matter" and now seeks a stay of the case until the bankruptcy proceeding is resolved so that she can "pursue[] her right to defense costs against Corizon Health, Inc." (*Id.*, PageID.989–990.) No other party filed a response to the Motion to Stay.

## II. Legal Standard

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). This discretion includes staying cases pending the resolution of independent proceedings. *See Deluca v. Blue Cross Blue Shield of Michigan*, No. 06-12552, 2007 WL 715304, at *1 (E.D. Mich. Mar. 7, 2007) (citing *Mediterranean Enter. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)). Still, "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

"In determining whether to stay a matter pending resolution of independent proceedings which may bear upon the case at hand, the Court must balance the competing interests of 'economy of time and effort for itself, for counsel, and for litigants.'" *Lyngaas v. J. Reckner Assocs., Inc.*, No. 17-12867, 2019 WL 166227, at *2 (E.D. Mich. Jan. 10, 2019) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

### III. Analysis

Here, the Court finds the above factors weigh in favor of granting a 90-day stay in the litigation. A 90-day stay will allow the Plaintiff's claims to be heard without "undue delay." *See Ohio Env't Council*, 565 F.2d at 396. At the same time, the stay will provide Defendant Hallett with the opportunity to effectively use time and effort to "pursue[] her right to defense costs against Corizon."[2] (ECF No. 88, PageID.1001.) The Court sees no reason to enter an indefinite stay instead of a 90-day stay in this matter because there is a hearing in the Tehum bankruptcy

---

[2] Other courts in this district have granted similar motions to stay for 90 days. *See, e.g., Bowling v. Wellpath Inc.*, No. 2:22-CV-11897, 2023 WL 11801859, at *2 (E.D. Mich. Sept. 14, 2023); *Williams v. Jamsen*, No. 21-11631, 2023 WL 8654904, at *2 (E.D. Mich. Dec. 13, 2023); *Pope v. Corizon*, Case No. 19-10870, ECF No. 116, PageID.2405 (E.D. Mich. June 28, 2023); *Young v. Jindal*, Case No. 21-12170, ECF No. 75, PageID.856; *Roden v. Landfair*, Case No. 22-10186, ECF No. 39, PageID.326.

4

proceeding to consider whether to confirm a bankruptcy plan on March 3, 2025, which is less than 90 days from now. *See In re: Tehum Care* Services, Case No. 23-90086, ECF No. 1863. The 90-day stay allows time for Plaintiff to determine whether Corizon will provide defense and indemnity coverage.

## IV. Conclusion

For the reasons set forth above, Defendant Hallett's motion for a stay is GRANTED IN PART and DENIED IN PART. IT IS HEREBY ORDERED that the above captioned matter is stayed ninety (90) days from the entry of this Order.

IT IS SO ORDERED.

Dated: January 14, 2025      s/Judith E. Levy
     Ann Arbor, Michigan     JUDITH E. LEVY
                                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 14, 2025.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager